IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DERRICK W. SAMS                                                            PLAINTIFF

v.                               CIVIL NO. 18-4052

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                             DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Derrick W. Sams, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for child's insurance benefits (CDIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for CDIB and SSI on March 19, 2015, alleging an inability to work since April 2, 1995, due to schizophrenia, bipolar disorder, a tumor in the stomach, migraines, asthma, back pain, a conduct disorder and irritable bowel syndrome. (Tr. 92, 216, 222). An administrative video hearing was held on April 26, 2017, at which Plaintiff appeared with counsel and testified. (Tr. 38-67).

By written decision dated July 6, 2017, the ALJ found that Plaintiff had not attained the age of 22 and had not engaged in substantial gainful activity as of the alleged onset date. (Tr. 24). The ALJ found Plaintiff had the following severe impairments: a history of

1

generalized anxiety disorder, a history of depressive disorder and a history of social disorder. (Tr. 24). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 25). The ALJ found plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to the performance of simple, routine and repetitive tasks; is limited to simple, work-related decision-making; and is limited to the performance of tasks where interpersonal contact is incidental to the work performed.

(Tr. 26). With the help of a vocational expert, the ALJ determined Plaintiff could work as a kitchen helper, a price marker and a hotel housekeeper. (Tr. 31).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on March 1, 2018.[1] (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314

---

[1] With respect to the additional evidence from the relevant time period that was submitted to the Appeals Council, the Appeals Council made the following determination, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." The Court notes that, here, as the Court found in Benoit v. Berryhill, although the Appeals Council denied Plaintiff's request for review and indicated that it did not consider or exhibit the evidence, the Appeals Council's decision reflects that the Appeals Council received the additional records; that it reviewed these records; and that it concluded that these records did not provide a basis for changing the decision of the ALJ. See Benoit v. Berryhill, 2018 WL 4554519 *7 (E.D. Mo. 2018).

F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 21st day of February 2019.

                                  /s/ *Erin L. Wiedemann*
                                  HON. ERIN L. WIEDEMANN
                                  UNITED STATES MAGISTRATE JUDGE